STATE EX REL. EASTMAN, Petitioner, v. BURKE, WARDEN, Respondent.

*November 27, 1964.*

*Forest Rodd* of Rhinelander, for the petitioner.

*George Thompson,* attorney general, and *William A. Platz,* assistant attorney general, for the respondent.

The following opinion was filed November 27, 1964:

PER CURIAM. On August 10, 1944, Ira W. Eastman was convicted of the murder of one Selma Strauch. Selma Strauch was slain on August 1, 1944, in the town of Laona, Forest county, Wisconsin. The petitioner was apprehended on August 9, 1944, at Crandon, Wisconsin. On August 10, 1944, he was taken before Circuit Judge AROLD F. MURPHY in proceedings of the circuit court for Forest county, held at the courthouse in the city and county of Marinette, Wisconsin. Allan M. Stranz, district attorney of Forest county, Wisconsin, appeared for the State of Wisconsin and the defendant, Ira W. Eastman, appeared in person. The

following is a complete transcript of the arraignment proceedings:

"*The Court*: State of Wisconsin versus Ira Eastman. (District Attorney Stranz reads Information charging defendant with violation of sec. 340.02 of the Wisconsin Statutes.)

"*The Court*: Ira Eastman, you have heard the reading of the Information. What is your plea? *Defendant*: Guilty.

"*The Court*: You realize that charges you with First Degree Murder? *Defendant*: Yes, sir.

"*The Court*: You know that is a mandatory life sentence? What I mean by that, under that kind of a plea I am compelled to sentence you to life, do you understand that? *Defendant*: Yes.

"*The Court*: Have you anything to say now why the judgment and sentence of the Court should not be passed on you? *Defendant*: No.

"*The Court*: Upon your plea of Guilty, the Court finds you Guilty; and the judgment and sentence of the Court is that you be committed to the State Prison at Waupun, Wisconsin, for the rest of your natural life, your sentence commencing this day noon at twelve o'clock, and there to remain until discharged by due course of law."

The defendant Ira Eastman was taken to the Wisconsin state prison at Waupun and has remained imprisoned there since his conviction and sentence.

On July 17, 1964, Ira W. Eastman filed a petition for a writ of *habeas corpus* to test the legality of his imprisonment in the state prison. He asserted that he had been denied counsel in connection with his conviction and sentencing proceedings and had not intelligently waived counsel. The return of the respondent recites the above-quoted transcript of the arraignment proceedings, admits "that petitioner was of low intelligence and only about two years of rudimentary education at the time of his conviction;" and admits "that there is no evidence that he knew of his right to have counsel

appointed for him by the court at public expense or that he intelligently waived such right." Both the attorney general, by William A. Platz, assistant attorney general, and Forest Rodd, counsel appointed by this court to represent the petitioner in these proceedings, have informed our clerk that the state and petitioner waive briefs and argument.

The arraignment proceedings were totally inadequate to advise the petitioner of his right to counsel or to obtain an intelligent waiver of his right to counsel. *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540; *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91, and cases cited therein; *State ex rel. Barth v. Burke* (1964), 24 Wis. (2d) 82, 128 N. W. (2d) 422.

We are obliged to determine that Eastman was not advised of his right to counsel and that he did not freely and intelligently waive his right to counsel and his conviction must, therefore, be set aside.

*By the Court.*—The petitioner having had a hearing such as he would have had, had the writ of *habeas corpus* been issued, it is considered that the issuance of the writ be omitted, and it is adjudged that the judgment and sentence of the circuit court is vacated and that the warden of the state prison deliver the petitioner to the sheriff of Forest county to be held by him for further proceedings according to law.